UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHUFEN MA,

Plaintiff,

v.

SAN FRANCISCO ESTUARY
INSTITUTE,

Defendant.

Case No.  23-cv-05060-JCS

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS SECOND AMENDED
COMPLAINT**

Re: Dkt. No. 32

## I.      INTRODUCTION

Plaintiff Shufen Ma, who is proceeding pro se, is a 61-year-old female immigrant from China who has a scientific background in nutrients biogeochemistry and issues related to water quality.  She brings employment discrimination claims against the San Francisco Estuary Institute ("SFEI") based on its failure to hire her as an environmental scientist over a period of several years.  The Court has previously dismissed Plaintiff's complaint and amended complaint with leave to amend as to some claims and Plaintiff has now filed a second amended complaint. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion").  The Court finds that the Motion is suitable for determination without a hearing and therefore **vacates the motion hearing set for August 7, 2024** pursuant to Civil Local Rule 7-1(b).  **The Case Management Conference set for the same date shall remain on calendar but will be conducted at 2:00 p.m. instead of 9:30 a.m. on that date**.  For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

_____

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

## II.    BACKGROUND[2]

In her First Amended Complaint ("FAC"), Plaintiff asserted six discrimination claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA") based on age, race and national origin  The claims were based on: 1)  Defendant's failure to hire her for positions she applied for in January 2021 (FAC Claim One) and October 2021 (FAC Claim Two;); 2) failure to respond to a September 5, 2022 email to a board member of SFEI offering to "do anything to help" (FAC Claim Three); 2) failure to respond after Plaintiff, on February 20, 2023, asked the California Civil Rights Department ("CRD") representative assigned to handle her administrative complaint to "tell Defendant that Plaintiff would do anything to help investigate harmful algal blooms and fish kills and wouldn't mind volunteering[,]" (FAC Claim Four); 3) refusal to consider Plaintiff for a job with SFEI between September 2022 and June 2023 even though Plaintiff learned at the mediation that the position for which she applied in January 2021 was only temporarily filled by Lisa Hunt and opened up again in March 2022 (FAC Claim Five); and 4) refusal to discuss job opportunities at the June 2023 mediation even though Defendant advertised a nutrients scientist position a month and a half later and the position was likely open at the time of the mediation (FAC Claim Six).

On May 8, 2024, the Court dismissed Plaintiff's First Amended Complaint in its entirety. The Court gave Plaintiff leave to amend to cure specific defects identified in its Order but prohibited Plaintiff from asserting any new claims. Dkt. no. 29 at 40. The defects on which the Court based its dismissal were as follows:

FAC Claim One:  Plaintiff failed to allege the claim was timely because she did not allege facts raising a plausible inference that despite using reasonable diligence, she did not understand that she had not been hired for this position until November 6, 2021 or later. Plaintiff also failed to state a claim because she did not plausibly allege discriminatory intent, that is, that she was not hired for the position for which she applied *because* of her age, race or national origin.  *Id.* at 24-

---

[2] For a more detailed summary of the procedural background of this case, the reader is referred to the Court's December 22, 2023 and May 8, 2024 orders (docket nos. 13, 29) deciding SFEI's previous motions to dismiss.

United States District Court
Northern District of California

29.

FAC Claim Two: Although Plaintiff adequately alleged that this claim was timely, she failed to plausibly allege discriminatory intent.  In particular, the Court held that the FAC "included no allegations – except for the allegations the Court has stricken – that Defendant hired for the position someone with similar qualifications who was not in the protected group. Nor does she allege that Defendant continued considering the applications of such individuals after rejecting Plaintiff's application. Finally, there are no other allegations that give rise to a plausible inference – as opposed to mere speculation – that Defendant's failure to hire Plaintiff for this position was because of her age, race or ethnicity." *Id.* at 29-35.

FAC Claim Three:  Plaintiff did not allege sufficient facts to establish discriminatory intent because: 1) she did not "plausibly allege that Defendant was hiring for any particular position at the time of her inquiry[;]" 2) she did not "allege any specific facts about the qualifications required for the position that she speculates must have been open (because SFEI advertised a Project Manager/Senior Scientist position five months later[;])" and 3) "her allegation that a female employee with no 'nutrients biogeochemistry, harmful algal blooms [or] fish kills experience,' FAC ¶ 50, managed the Nutrients Project [were] of no avail" because there were "no allegations that Plaintiff applied for that position or even that the position was ever open during the relevant period, much less allegations concerning the qualifications required for that position." *Id.* at 35-38.

FAC Claim Four:  Plaintiff alleged no facts giving rise to a plausible inference of discrimination. "Among other things, she [did] not plausibly allege[ ] that Defendant was hiring for any particular position or allege[ ] specific facts showing that she was qualified for that position." *Id.* at 39-40.

Claims Five and Six:  The Court dismissed these claims with prejudice and without leave to amend because they were based on information that Plaintiff obtained in a confidential mediation. *Id.* at 16.

On June 9, 2024, Plaintiff filed her second amended complaint ("SAC"). In the SAC, Plaintiff asserts four claims, each of which is asserted based on age, race and national origin

discrimination under Title VII and the ADEA.  In addition, as to each of these claims, Plaintiff purports to add claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code section 12948, and California Civil Code sections 51, 51.7, and 54. The claims in the SAC are based on: 1) failure to hire Plaintiff for the Project Manager/Senior Scientist position for the Nutrients Project for which she applied in January 2021 (SAC Claim One); 2) failure to hire Plaintiff for the  environmental scientist position for which she applied on October 13, 2021 (SAC Claim Two); 3) failure to hire Plaintiff in response to Plaintiff's October 5, 2022 email to an SFEI Board member offering to do "anything to help" (SAC Claim Three); and 4) failure to respond after Plaintiff, on February 20, 2023, asked the CRD representative assigned to handle her administrative complaint to "tell Defendant that Plaintiff would do anything to help investigate harmful algal blooms and fish kills and wouldn't mind volunteering[,]" (SAC Claim Four).

In the Motion, SFEI contends Plaintiff has not cured the defects previously identified by the Court and that all of these claims should be dismissed with prejudice.

## III.    ANALYSIS

### A.    Legal Standards Under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted.  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must "contain either direct or inferential allegations respecting all the material

4

elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original).  Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### B.    Claims Asserted Under FEHA and Civil Code sections 51, 51.7, and 54

In the SAC, Plaintiff impermissibly seeks to broaden the scope of her claims by adding claims under statutes she did not invoke in her original complaint or her FAC.  Because the Court expressly prohibited Plaintiff from asserting any new claims, the Court strikes these new claims pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  *See Sifuentes v. Google Inc.*, No. 22-CV-03102-JCS, 2023 WL 4181267, at *8 (N.D. Cal. June 26, 2023) (concluding that where time to amend as-of-right under Rule 15(a) of the Federal Rules of Civil Procedure has passed and the assertion of new claims was outside of the scope of the court's order permitting amendment, new claims should be stricken under Rule 12(f)); *Saloojas Inc. v. Blue Shield of California Life & Health Ins. Co.*, No. 22-CV-03267-MMC, 2023 WL 122395, at *1 (N.D. Cal. Jan. 6, 2023) (striking new claim because it exceeded the scope of the leave granted by the Court in its order permitting amendment); *Benton v. Baker Hughes*, No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), aff'd sub nom. *Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015) (same); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10–CV–01390–LHK, 2010 WL 4285006, *3 (N.D. Cal. Oct.22, 2010) (observing that "[i]n cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims

United States District Court
Northern District of California

alleged for the first time in the amended pleading should be dismissed or stricken").[3]

### C.   SAC Claim One

SAC Claim One, like FAC Claim One, is based on SFEI's failure to hire Plaintiff for a position for which she applied in January 2021.  As discussed above, the Court previously found that FAC Claim One was insufficiently pled as to timeliness and discriminatory intent.   The Court finds that in the SAC, Plaintiff has again failed to plausibly allege that this claim is timely.  Therefore, the Court does not reach the question of whether discriminatory intent is adequately alleged as to this claim.

### 1.   Legal Standards Governing Timeliness of Title VII and ADEA Claims

Pursuant to 42 U.S.C. § 2000e-5(e)(1), a Title VII plaintiff must file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred" if it occurred in a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice and the employee initially filed a grievance with that agency. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). The ADEA has the same requirement. *See* 29 U.S.C. § 626(d)(1); *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007).

In the Ninth Circuit, a failure to hire claim accrues when the plaintiff knew or had reason to know of the actual injury, that is, when the plaintiff received notice they would not be hired or should have realized they had not been hired for the position. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). The "should have realized" requirement is met where a plaintiff should have discovered the "critical fact" of their injury, namely, "that [they] have] been hurt and who has inflicted the injury;" the plaintiff need not be aware that the actor who caused the injury was legally blameworthy.  *See United States v. Kubrick*, 444 U.S. 111, 122

---

[3] Plaintiff states in her Opposition brief that her new claims are not barred by the Court's May 8, 2024 Order (dkt. no. 29) because they are timely, based on the same theories as her existing claims, are subject to supplemental jurisdiction and because she "didn't change the number of her claims."  Opposition at 14.  While Plaintiff may have had a good-faith belief that the Court's order permitted her to assert these new claims, the claims are, nonetheless, new claims that exceed the scope of the Court's order as they are based on statutory provisions that were not previously invoked.  An order striking pleadings under Rule 12(f) does not require a showing of bad faith. *See* Fed.R.Civ.P. 12(f) (permitting courts to strike from pleadings any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[.]").

(1979).

The Ninth Circuit has explained that "[t]he plaintiff must be diligent in discovering the critical facts." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999), opinion amended on denial of reh'g, 208 F.3d 831 (9th Cir. 2000). While the question of reasonable diligence is generally a fact question, even under the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure a plaintiff must allege facts sufficient to give rise to a plausible inference of diligence.  *See Adler v. Taylor*, No. CV 04-8472-RGK(FMOX), 2005 WL 4658511, at *5 (C.D. Cal. Feb. 2, 2005), aff'd sub nom. *Orkin v. Taylor*, 487 F.3d 734 (9th Cir. 2007) ("The Complaint fails to allege any diligence on Plaintiffs part, much less any reasonable diligence. Thus, even if the discovery rule applied to this case, Plaintiffs have still failed to state a claim.").

### 2. Allegations in the SAC Related to Timeliness

In her SAC, Plaintiff has not alleged any facts showing that she acted diligently with respect to discovering that she had not been hired for the position for which she applied in January 2021.  Moreover, the facts that she has alleged point to the opposite conclusion.  In particular, Plaintiff alleges that after submitting her application in January 2021, she did not visit Defendant's website until September 2023, even though she never received a response to her application from SFEI and had already applied for several similar positions, dating back to 2014, which had not been offered to her.  SAC ¶¶ 15-21, 65, 69.  According to Plaintiff, David Senn had even refused her offer to work as a volunteer and she learned around the same time as she submitted the January 2021 job application that SFEI had hired someone else to perform the work she had offered to do for free in 2016.  *Id.*  ¶¶ 17-18, 23-24.  In addition, the SAC does not include any other allegations indicating that Plaintiff attempted to follow up on her application in any way before February 2023, when Plaintiff alleges she learned the job had been filled.  *Id.* ¶ 70.

In sum, the allegations in the SAC do not give rise to a plausible inference that Plaintiff acted diligently in failing to discover the critical facts supporting her claim before November 6, 2021 (the earliest date of discovery that could render her claim timely).  Had Plaintiff acted with reasonable diligence, she could have discovered before that date that the position was filled in March 2021. *Id.* ¶¶ 39, 65.  As Plaintiff has been unable to cure this defect by amendment, the

United States District Court
Northern District of California

7

Court dismisses SAC Claim One with prejudice.

### D.    SAC Claim Two

SAC Claim Two, like FAC Claim Two, is based on SFEI's failure to hire Plaintiff for the environmental scientist position for which she applied on October 13, 2021.  As discussed above, the Court previously found that Plaintiff failed to plausibly allege discriminatory intent as her allegations regarding the individual hired for the position were based on confidential settlement communications and therefore stricken.  The Court finds that in the SAC, Plaintiff has adequately alleged discriminatory intent.

#### 1.    Legal Standards

To make a prima facie case of employment discrimination based on failure to hire, Plaintiff must establish that (1) she is a member of a protected class; (2) she applied for and was qualified for a job for which the employer was seeking applicants; (3) she was rejected despite being qualified for the job; and (4) that after the plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of comparable qualifications.  *Lowe v. City of Monrovia*, 775 F.2d 998, 1005 (9th Cir. 1985)).  Alternatively, a prima facie case of discrimination can be made plaintiff if a plaintiff demonstrates that (1) she is a member of a protected class; (2) she applied for a position for which she was qualified; and 3) that a person who was not within a protected class with similar qualifications received the position.  *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987).

"The Supreme Court has explicitly held that the prima facie case in the discrimination context 'is an evidentiary standard, not a pleading requirement.'" *O'Donnell v. U.S. Bancorp Equip. Fin., Inc.*, No. C10-0941 TEH, 2010 WL 2198203, at \*3 (N.D. Cal. May 28, 2010) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). Thus, "an employment discrimination plaintiff need not plead a prima facie case of discrimination," *id*. at 515; instead, "the ordinary rules for assessing the sufficiency of a complaint apply," *id*. at 511.   Nonetheless, it has been recognized that the elements of a prima facie case "are . . . relevant to the court's analysis of the sufficiency of the complaint." *O'Donnell*, 2010 WL 2198203, at \*3 (N.D. Cal. May 28, 2010).

8

**2. Allegations in the SAC Related to Discriminatory Intent**

In the SAC, Plaintiff alleges that she learned in February 2023 from the CRD investigator that the position for which she applied in October 2021 had been filled by a "Caucasian" but that Plaintiff did not write down the name. SAC ¶ 70. She alleges that in November 2023 she learned from SFEI's website that the position had been filled by Dan Killam and that she learned from his LinkedIn profile "that he was hired in January 2022 when he was about 32 years old (He got his BS in 2012 based on his LinkedIn profile. Plaintiff assumed that he was 22 in 2012)." *Id.* Plaintiff further alleges that "[f]rom his photo on sfei.org Dan Killam looks like Caucasian to Plaintiff." *Id.* According to Plaintiff, "Dan Killam's research focused on studying the composition of mollusk or clam shells for (paleo) climatology or paleoenvironmental reconstruction. He didn't have experience with low dissolved oxygen, nutrient transport and biogeochemical cycling, and harmful algal blooms, the three key questions for the Nutrients Project." *Id.* ¶ 73. In contrast, Plaintiff alleges that she has extensive experience in these areas. *Id.* ¶¶ 74-75.

SFEI contends Plaintiff's allegations are speculative, noting that although Killam got his BS in 2012, he may not have followed a conventional career path and could be older than 32; and that although he appears in his photograph to be Caucasian, he might not be. Motion at 21-22. Similarly, it asserts that Plaintiff's allegations about the requirements for the position for which she applied are speculative and therefore, she has not sufficiently alleged that she was more qualified for the position than Killam. SFEI misapprehends the inquiry at the pleading stage, however. Plaintiff's allegations need only be plausible. Plaintiff has alleged specific facts to support her belief that Killam is both Caucasian and significantly younger than she is. She has also alleged some facts about Killam's scientific background and copious facts about the nutrients science relevant to the work being conducted by SFEI and her own qualifications. These facts may not be borne out by discovery but they are sufficient to support a plausible inference of discriminatory intent. That is all that is required at this stage of the case. Therefore, the Court denies the Motion as to Claim Two.

**E. SAC Claim Three**

SAC Claim Three, like FAC Claim Three, is based on SFEI's failure to respond to a

United States District Court
Northern District of California

United States District Court
Northern District of California

September 5, 2022 email Plaintiff sent to a board member of SFEI that was forwarded to David Senn offering to "do anything to help." As discussed above, the Court previously found that Plaintiff failed to plausibly allege discriminatory intent because: 1) she did not "plausibly allege that Defendant was hiring for any particular position at the time of her inquiry[;]" 2) she did not "allege any specific facts about the qualifications required for the position that she speculates must have been open (because SFEI advertised a Project Manager/Senior Scientist position five months later[;]" and 3) "her allegation that a female employee with no 'nutrients biogeochemistry, harmful algal blooms [or] fish kills experience,' FAC ¶ 50, managed the Nutrients Project [were] of no avail" because there were "no allegations that Plaintiff applied for that position or even that the position was ever open during the relevant period, much less allegations concerning the qualifications required for that position." *Id.* at 35-38. Plaintiff has not cured the defects the Court previously identified as to this claim.

### 1. Allegations in the SAC related to the September 5, 2022 Email

In the SAC, Plaintiff has not plausibly alleged that: 1) she applied for and was qualified for a job for which the employer was seeking applicants; or 2) she was rejected despite being qualified for the job. *See Lowe v. City of Monrovia*, 775 F.2d at 1005. To the contrary, the SAC alleges no specific facts that raise a plausible inference that SFEI was hiring for any specific position, or that Plaintiff applied for that position and was rejected. Likewise, Plaintiff has not plausibly alleged that she was qualified for any particular job for which SFEI was accepting applications at the time of her inquiry.

Plaintiff's claim appears to be based on two theories. First, the SAC suggests that because funding could have been obtained to hire Plaintiff, SFEI should have created a position that would have taken advantage of Plaintiff's expertise. *See* SAC ¶ 81 (alleging that the Board member to whom she addressed her email, "[a]lthough . . . not a SEFI employee, . . . is the Executive Officer for the Water Board San Francisco Bay Region and longtime Board Member of San Francisco Estuary Institute [and] has the authority to provide funds for work critical to the health of the ecosystem."); *id.* ¶ 85 ("Defendant has funds available to hire Plaintiff because in July 2023, only five months after Ms. Blackwell told Plaintiff that Defendant was looking to fill the Program

Manager/Senior Scientist position, Defendant advertised an opening for the Nutrients Project.") That, however, is not what Title VII and the ADEA require.  Rather, a plausible inference of discrimination requires that a plaintiff establish that the defendant was *actually* hiring for a specific position for which the plaintiff applied and that defendant's failure to hire the plaintiff was based on membership in a protected group.

Second, Plaintiff alleges that a position as a "Project Manager/Senior Scientist position was still open in September 2022" based on the fact that she "learned from CRD's Ms. Blackwell that this position was open on February 20, 2023, so it should have been open in September 2022."  This theory is too speculative, however, to support a plausible inference that SFEI had an open position and was accepting applications for that position at the time of Plaintiff's inquiry. Nor did Plaintiff allege that SFEI posted a job listing or that she submitted an application for that job, even though she includes allegations relating to numerous other job postings for positions at SFEI for which she did apply.

Finally, Plaintiff includes allegations about the current head of the Nutrients Project, Melissa Foley, in support of this claim but she has offered no allegations as to when Foley was hired, much less that she was hired around the time of Plaintiff's inquiry.  *Id.*  ¶ 85.  To the contrary, she alleges that she doesn't know when Foley "started to be in charge of the Nutrients Project."  *Id.*  She also does not allege that Foley's position was being advertised at the time of Plaintiff's email or that SFEI was accepting applications for that position.

For these reasons, the Court finds that Plaintiff fails to state a claim as to this claim.  As Plaintiff has not been able to cure the defects previously identified by the Court despite being given the opportunity to amend her complaint, the Court dismisses this claim with prejudice.

### F.    SAC Claim Four

SAC Claim Four, like FAC Claim Four, is based on SFEI's failure to respond after Plaintiff, on February 20, 2023, asked the California Civil Rights Department ("CRD") representative assigned to handle her administrative complaint to "tell Defendant that Plaintiff would do anything to help investigate harmful algal blooms and fish kills and wouldn't mind volunteering."  As discussed above, the Court previously found that this claim was insufficiently

United States District Court
Northern District of California

United States District Court
Northern District of California

pled because Plaintiff had not alleged discriminatory intent.  That defect has not been cured in the SAC.

### 1. Allegations in the SAC Related to Discriminatory Intent

The defects as to SAC Claim Four are similar to the ones discussed above as to SAC Claim Three.  In particular, although Plaintiff alleges that a Program Manager/Senior Scientist position was open in February 2023, she does not allege any facts suggesting that SFEI was accepting applications for that position or indicating the specific qualifications SFEI was looking for. *See* SAC ¶ 86.  Nor does she allege that the CRD representative did, in fact, pass on Plaintiff's offer to SFEI. *Id.*  Moreover, even were it to be assumed that the message was passed on to SFEI (an assumption that the Court finds speculative), it would not support an inference of discriminatory failure to hire because Plaintiff specified that she was willing to provide her services on a volunteer basis.  Consequently, the allegation does not support a plausible inference that the message she sent constituted a job application.

For these reasons, the Court finds that Plaintiff fails to state a claim as to this claim.  As Plaintiff has not been able to cure the defects previously identified by the Court despite being given the opportunity to amend her complaint, the Court dismisses this claim with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court strikes Plaintiff's claims under FEHA and California Civil Code sections 51, 51.7, and 54.  The Court dismisses with prejudice Claims One, Three and Four, as to which the Motion is GRANTED.  The Motion is DENIED as to the Title VII and ADEA claims asserted in Claim Two.

**IT IS SO ORDERED.**

Dated:  July 30, 2024

JOSEPH C. SPERO
United States Magistrate Judge