UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUFEN MA,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO ESTUARY INSTITUTE,<br><br>        Defendant. | Case No. 23-cv-05060-JCS<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 92 |

    Defendant San Francisco Estuary Institute ("SFEI") brings a Motion for Sanctions ("Motion") based on what it contends were "harassing" motions to compel filed by Plaintiff on June 19, 2025 and June 29, 2025 (Dkt. Nos. 77 and 81). It asks the Court to award monetary sanction against Plaintiff in the amount of $6,240 – the amount it spent in attorneys' fees to oppose the two motions and draft the instant motion for sanctions. SFEI's Motion presents a close call. The record reflects that Plaintiff filed both motions without first meeting and conferring with SFEI, as is required in the Court's standing order. Further, in these motions, Plaintiff sought to compel discovery that she had never requested in her discovery requests to SFEI. This conduct has burdened the Court and SFEI's counsel. And though Plaintiff contends her conduct is justified by litigation misconduct on the part of SFEI, the Court has repeatedly rejected Plaintiff's accusations as unfounded.

    There is no question that this Court has the authority to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure, even on a pro se plaintiff, where a party has engaged in harassing conduct. *See McMahon v. Pier 39 Ltd. P'ship*, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003). Filing motions that repeat arguments that have already been rejected by the Court may qualify as "harassing" conduct, as may repeated failure to abide by

the Court's standing orders after being admonished by the Court of the need to comply with those orders.   Nonetheless, in light of Plaintiff's pro se status, the Court declines to award sanctions at this juncture.

Instead, the Court ORDERS as follows:

**Going forward, Plaintiff is expected to comply with the Court's standing orders, the Civil Local Rules of this Court and the Federal Rules of Civil Procedure.  Other than the motions that are specifically enumerated in the scheduling orders of this case (*e.g.*, summary judgment and *Daubert* motions), *any* motion other than motions to seal that Plaintiff files must be accompanied by a declaration from Plaintiff establishing that she has engaged in meaningful meet-and-confer communications with SFEI's counsel and that the parties were unable to resolve the dispute. All written meet-and-confer communications related to the dispute must be attached to Plaintiff's declaration.  Motions that are not in compliance with this requirement will be summarily stricken and will be considered evidence of harassing litigation conduct in the absence of a showing that exceptional circumstances justify Plaintiff's failure to adhere to this procedure.  Further, Plaintiff may not repeat arguments in her pleadings that she has already raised if the Court has ruled on those arguments.  Such arguments will be considered frivolous and may result in the imposition monetary or other sanctions.**

The motion hearing set for September 17, 2025 is vacated.

**IT IS SO ORDERED.**

Dated: September 4, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge