UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUFEN MA,<br><br>            Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO ESTUARY<br>INSTITUTE,<br><br>            Defendant. | Case No.  23-cv-05060-JCS<br><br>**ORDER DENYING MOTION FOR<br>RECONSIDERATION OF SANCTIONS<br>AWARD**<br><br>Re: Dkt. No. 124 |

Plaintiff brings a motion asking the Court to reconsider its order awarding $2,400 in sanctions based on discovery misconduct.  Dkt. no. 124 ("Motion").   Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter*., 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration does not give parties a "second bite at the apple." *See id*.

"Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *HM Elecs., Inc. v. R.F. Techs., Inc*., No. 12-CV-2884 BAS (JLB), 2015 WL 11234136, at *1–2 (S.D. Cal. Feb. 13, 2015) (citing *Engleson v. Burlington*

United States District Court
Northern District of California

United States District Court
Northern District of California

*N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Rule 60(b) permits the court to grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. *Id.* (citing Fed. R. Civ. P. 60(b)). "That last prong is 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Id.* (quoting *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007)).

The Court has considered Plaintiff's Motion and supporting declaration and concludes that she has not established that reconsideration of its sanctions order is warranted under the standards set forth above. As stated in the Court's order awarding sanctions, Plaintiff violated the protective order in the case more than once and had been admonished by the Court concerning her failure to follow the Court's standing order, the Civil Local Rules and the Federal Rules of Civil Procedure. *See* dkt. no. 122 at 7-8. Furthermore, nothing in Plaintiff's Motion or supporting declaration changes the Court's conclusion that the violation of the protective order that resulted in the Court's award of sanctions was "flagrant and deliberate." *Id.* at 8. Nor has Plaintiff pointed to any evidence that leads the Court to believe that the amount the Court awarded, which is less than Defendants originally requested, is not the amount that was reasonably incurred by Defendants as a result of Plaintiff's misconduct. Accordingly, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  June 5, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

2